IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

SCOTT N. JOHNSON,

        Plaintiff,

    v.

DAVID D. VO, d/b/a RICE NOODLE;
DIEU VAN VO, d/b/a RICE NOODLE;
KIM HONG VO, d/b/a RICE NOODLE;
CHIE OGAWA, an individual;
TAKAAKI OGAWA, an individual,

        Defendants.

2:07-cv-02751-GEB-DAD

ORDER RE: SETTLEMENT
AND DISPOSITION

----

On January 29, 2008, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than February 18, 2008. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The status conference scheduled for March 31, 2008, at 9:00 a.m., will remain on calendar in the event that no dispositional

1

1  document is filed, or if this action is not otherwise dismissed.
2  Further, a joint status report shall be filed fourteen days prior to
3  the status conference.[1]
4           IT IS SO ORDERED.
5  Dated:  February 5, 2008
6
7                                    _____
                                     GARLAND E. BURRELL, JR.
8                                    United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2